UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23939-CIV-GOLD/McALILEY

MARIO PATINO,

      Petitioner,

v.

LINDA T. McGREW, Warden,
Federal Detention Center, Miami,
and NEIL DeSOUSA, Acting U.S.
Marshal, Southern District of Florida,

      Respondents.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner,

Mario Patino ("Patino") [DE 1], referred to me by the Honorable Alan S. Gold [DE 6]. For

the reasons set forth below, this Court recommends that Patino's petition be denied.

### I. BACKGROUND[1]

On July 24, 2009, Patino was arrested on charges of state credit card fraud and

identify theft, filed in Miami-Dade County Case No. F09-24440 . [DE 5, p. 2]. At the time

of his arrest, charges were also pending against Patino in a second state case (No. F08-

---

[1] The parties have not provided the Court with record evidence to document each of the
events recounted in this Background section. When available, I cite to the Court's docket, or
documents filed by the parties, as proof of the occurrence of an event. Otherwise, I cite to the
parties' pleadings, as it appears that the dates relied upon here are not in dispute.

16285A), for grant theft and identity fraud. *Id.* Patino was held in state custody pending trial on the state charges. *Id.* On October 13, 2009, while those charges were still pending, the Marshal's Service transported Patino to the Federal Detention Center, Miami ("FDC"), for his initial appearance on an unrelated one-count federal Indictment for theft of United States mail. [See Case No. 09-CR-20714-ASG, DE 31, Arrest Warrant Return].[2] At his arraignment on the federal charges, Patino stipulated to pretrial detention, and he thus remained in federal custody pending trial on the federal charges. [CR DE 27].

On February 5, 2010, Patino pled guilty to the federal charge, and on May 4, 2010, he was sentenced to eight months imprisonment. [CR DE 43, 45, 48, 51]. Patino remained in FDC until August 17, 2010, when he was transferred back to the Dade County Jail to face the still-pending state charges. [DE 1, p. 2; CR DE 52]. In judgments entered on September 24, 2010, Patino was sentenced in both state cases to 366 days incarceration. [DE 5-1, p. 4; 5-2, p. 4; CR DE 52]. The judgments in both of those cases specifically state that Patino should get "credit for time served from 7/24/2009" - the date of Patino's first arrest on the state charges. [DE 5-1, p. 5; DE 5-2, p. 5]. Moreover, the Judgment in Case No. F09-24440 expressly states that the sentence in that case shall be served concurrent to the sentence in the other state case. [DE 5-2, p. 5]. On September 30, 2010, after he completed service of his State sentence, Patino was returned to FDC where he remains incarcerated to this day. [DE 1, p. 3; CR DE 52].

---

[2] Citations hereafter to the docket of that underlying criminal case are to "[CR DE ___]."

2

On October 20, 2010, Patino wrote Judge Gold, *pro se*, stating that he believed he had completed service of his federal sentence, and thus should no longer be incarcerated. [CR DE 52]. Judge Gold appointed counsel for Patino under the Criminal Justice Act, and Patino filed the instant petition under 28 U.S.C. § 2241. [CR DE 53].

## II. ANALYSIS

Patino was first brought to the FDC on October 13, 2009, and was continually confined there until August 17, 2010, for a total of 308 days.[3] Patino presumes that his eight month sentence amounts to 240 days incarceration.[4] Because Patino had already spent more than eight months in federal custody, before he was transported back to state custody for sentencing on his state charges, he assumes that he has more than completed his federal sentence, and thus should never had been brought back to the FDC. He argues that his continued incarceration beyond what he believes to be the expiration of his sentence, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution, and asks this Court to order his immediate release.

The government responds that Patino misunderstands how credit has been allocated

---

[3] That total includes the first date of transport (October 13, 2009) but not the last (August 17, 2010). It may be that both transportation dates should be included in the calculation. *See* n. 4, *infra*.

[4] Eight multiplied by an average of 30 days per month equals 240 days. The Bureau of Prisons surely has regulations that specify how to calculate a sentence expressed in terms of months, but neither party has provided this information to the Court. As will become clear, it is not necessary for purposes of this Report and Recommendation, for this Court to engage in a precise calculation, to the day, of Patino's sentence. Therefore, it should be understood that the calculations here are approximations.

3

for his time served in pretrial detention at the state and federal jails, and that the Petition thus fails on the merits. Before I consider the government's analysis on this point, I address the government's other argument: that the Petition must be denied because Patino has failed to exhaust his administrative remedies.

### A.    Exhaustion of Administrative Remedies

"'[E]xhaustion of administrative remedies is jurisdictional,' when a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241 for release from a federal prison." *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (quoting *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992)).

The government and Patino agree that a petition filed under 28 U.S.C. § 2241 is the proper avenue for the relief he seeks. However, in its response, the government points out that Patino provided no evidence that he pursued available Bureau of Prisons ("BOP") administrative remedies, and the government maintains, correctly, that if Patino has not exhausted the administrative remedies available to him, this Court is without jurisdiction to consider the Petition. In his reply, Patino provides evidence that he did pursue his claim administratively with the BOP. Specifically, on June 16, 2010, and again on October 12, 2010, Patino filed Form BP-S148.005, an Inmate Request to Staff, seeking information on his sentence calculation. [DE 7-1, 7-2]. While there is no indication that he got a response from the first inquiry, a BOP staff person responded on October 13, 2010 as follows:

> You are still here because you were in federal custody via a <u>writ</u> and belonged to the state. Once sentenced you were returned to the state. Your federal

4

sentence did not begin until you completed your state time on 9/30/2010.

[DE 7-2] (emphasis in original).

Without citing any legal authority to support his position, Patino contends that he has substantially complied with administrative exhaustion requirements. Case law in this Circuit, however, does not support Patino's position. The Eleventh Circuit has explained that the BOP has a three-tiered administrative remedy procedure codified at 28 C.F.R. §§ 542.10 *et seq*. *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). First, an inmate must contact a staff member at the facility. If that fails to resolve the problem, the inmate must file a written complaint with the warden of the facility. If the issue remains unresolved, the inmate must appeal to the regional director of the BOP. If the inmate is still not satisfied, he or she may appeal to the general counsel. *Id*. The court explained that "[a]n inmate has not fully exhausted his administrative remedies until he has appealed through all three levels. The appeal to the office of the general counsel is the final administrative appeal provided by the BOP." *Id*.

Because Patino has not availed himself of the entire administrative remedy process, he has not exhausted those remedies and this Court is without jurisdiction to rule on the merits of his Petition. Nonetheless, I have considered the merits of his Petition and offer my observations about them here, because it appears that both Patino and the government have miscalculated Patino's remaining federal sentence. As a practical matter, I do not think Patino will have the opportunity to bring the matter back to this Court, as it appears that the

time required for Patino to fully exhaust his administrative remedies will not allow him to complete that process before his anticipated release. Accordingly, I ask the Bureau of Prisons to take another look at its calculation of Patino's sentence and, when doing so, to consider the following observations.

### B.    Credit for Time Served

Patino was arrested on July 24, 2009, and remained in continuous custody, first with the State for 81 days, then the federal government for 308 days, and once again with the State for 44 days, until he was finally moved back to federal custody, where he is today.  These calculations are set forth in this table:

| July 24, 2009 - October 12, 2010 | State custody | 81 days |
|---|---|---|
| October 13, 2009 - August 16, 2010 | Federal custody | 308 days |
| August 17, 2010 - September 29, 2010 | State custody | 44 days |
| Total | | 433 |

As already noted, because Patino has already served more than 240 days in federal custody, he maintains that he has fully served his federal sentence. In its response, the government points out two things not mentioned by Patino: (1) Judge Gold did not order that Patino's federal sentence run concurrent to any future state sentence and (2) in

calculating its sentence, the State gave Patino credit for the time he spent in detention in both the State and federal jails, leading up to his conviction and sentencing on the State charges.

The government correctly notes that Patino cannot receive double credit for time served. Title 18 U.S.C. § 3585(b) governs, and it provides:

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In *Rey v. Warden*, the Eleventh Circuit stated that "in enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" 359 Fed. Appx. 88, 90 (11th Cir. 2009) (quoting *United States v. Wilson*, 503 U.S. 329 (1992)). Patino does not dispute that the time he spent in state and federal pretrial detention was credited toward his State sentence. Therefore, he is not entitled to have that time also credited toward his federal sentence.

That being said, I believe the government has miscalculated the amount of credit it should give to Patino. The government states that "all of this time [spent at FDC Miami] has already been credited to his state sentences" [DE 5, p. 5], and suggests that May 4, 2010 is Patino's release date. [DE 5, p. 6]. The government ignores, however, that prior to being

returned to federal custody on September 30, 2010, Patino had been incarcerated a total of 433 days - 67 days longer than his 366 day state sentence. Pursuant to 18 U.S.C. § 3585(b), it would appear that those 67 days should be credited toward Patino's eight month federal sentence, which would correspondingly advance Patino's expected release date from the date offered by the government.

Again, as already noted, until Patino avails himself of the administrative remedies available through the BOP, the Court cannot rule on the merits of his claim.

## III. RECOMMENDATIONS

In light of the foregoing, this Court RECOMMENDS that Patino's Petition [DE 1] be DENIED.

## IV. OBJECTIONS

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within 14 days. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 2nd day of December, 2010.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Alan S. Gold
Counsel of record